UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                 -against-

EDWIN D. FRAGOSO,

                 Defendant.
----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
18-CR-179 (JMA)

FILED
CLERK
11:57 am, Nov 09, 2021
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Corey R. Amundson
    Chief, Public Integrity Section
Erica O. Waymack
    Trial Attorney
Public Integrity Section Criminal Division
U.S. Dep't of Justice
1331 F Street NW, Suite 300
Washington, DC 20004
    *Attorneys for the United States*

Edwin D. Fragoso
Fort Dix Federal Correction Institution
P.O. BOX 2000
Fort Dix, NJ 08640
    *Pro Se*

**AZRACK, United States District Judge:**

Pending before the Court is the motion for compassionate release of defendant Edwin D. Fragoso ("Defendant"). (ECF No. 40.) For the reasons set forth below, the Court **DENIES** Defendant's motion.

## I. BACKGROUND

### A. Guilty Plea and Sentence

On June 7, 2019, Defendant pled guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371. (ECF No. 23.) On October 29, 2020, the late Honorable Sandra

Feuerstein sentenced Defendant to 33 months of incarceration to be followed by 24 months of supervised release. (ECF No. 38.) Defendant was ordered to pay restitution in the amount of $426,000 and a fine of $10,000. (Id.) Defendant surrendered to serve his sentence on January 11, 2021 and his projected release date is May 14, 2023. The Court notes that at the time Defendant filed the instant motion he was in custody at FCI Fort Dix. According to the BOP website, Defendant is currently in custody at Lewisburg USP.[1]

### B. The Instant Motion

On April 8, 2021, Defendant, acting pro se, moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 40.) Defendant, who is 47 years old, claims the medical staff at FCI Fort Dix failed to "perform a complete medical evaluation" of Defendant, "causing alarm" in Defendant due to Defendant's various medical conditions, including a spinal cord neck surgery performed in December 2020, a shoulder surgery performed in December 2020, hypertension, high blood pressure, cholesterol, elevated triglycerides, and anxiety. (Id. at 1-2.) Defendant asks the Court to grant him compassionate release or to place him in home confinement for the remainder of his sentence. (Id. at 1.) The government opposed Defendant's motion on June 30, 2021. (ECF No. 41.) Following Judge Feuerstein's untimely passing, this case was reassigned to the undersigned.

## II.  LEGAL STANDARD

### A. Standard of Review

Unless an exception applies, a "court may not modify a term of imprisonment once it has been imposed." United States v. Pinto-Thomaz, No. 18-CR-579, 2020 WL 1845875, at *2 (S.D.N.Y. Apr. 13, 2020) (quoting 18 U.S.C. § 3582(c)). The First Step Act, which modified 18

---

[1] See https://www.bop.gov/inmateloc/.

U.S.C. § 3582(c), allows a court to modify a defendant's sentence upon a motion of either (i) the Director of the BOP, or (ii) the defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute provides courts with discretion to grant compassionate release when there are (1) "extraordinary and compelling reasons" that warrant a sentence reduction, (2) the sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the sentence reduction "is supported by the factors set forth in 18 U.S.C. § 3553(a)." United States v. Canales, No. 16-CR-0212, 2020 WL 2319294, at *2 (S.D.N.Y. May 9, 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

District courts may consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, No. 19-CR-3218, 2020 WL 5739712, at *7 (2d. Cir. Sept. 25, 2020) (finding that "[b]ecause Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants [as compared to those brought by the BOP], Application Note 1(D) cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling."); see also Simon v. United States, No. 07-CR-474, 2020 WL 5764322, at *2-3 (S.D.N.Y. Sept. 28, 2020) (quoting Brooker, 2020 WL 5739712, at *7).

Even if extraordinary and compelling reasons exist, a "court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would

3

otherwise be extraordinary and compelling circumstances." United States v. Davies, No. 17-CR-57, 2020 WL 2307650, at *2 (E.D.N.Y. May 8, 2020); see also Simon, 2020 WL 5764322, at *3.

### III. DISCUSSION

#### A. Exhaustion

The government takes the position that Defendant's motion should be denied because he has not exhausted his administrative remedies pursuant to § 3582(c). (ECF No. 41 at 3.) The government explains that Defendant served a copy of the instant motion on the Acting Warden of FCI Fort Dix. The Acting Warden responded to Defendant denying his request because he did not seek compassionate release under one of the following categories: the inmate's terminal medical condition; debilitated medical condition; status as an elderly inmate; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. The Acting Warden instructed Defendant to either resubmit his request under one of the enumerated categories or to appeal the decision. (Warden Letter, ECF No. 41-1.)

A defendant exhausts his administrative remedies when the BOP fails to bring a motion for compassionate release on his behalf and he exercises all of his administrative rights to appeal, or after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." United States v. Sawicz, 453 F.Supp.3d 601, 604 (E.D.N.Y. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). Here, Defendant has not exhausted his administrative remedies. However, a district court may waive the administrative exhaustion requirement "where [exhaustion] would be futile, ... where the administrative process would be incapable of granting adequate relief ... [or] where pursuing agency review would subject [the person seeking relief] to undue prejudice." Id. (citing Washington v. Barr, 925 F.3d 109, 118 (2d. Cir. 2019)). Here, even

4

if the Court were to waive the administrative exhaustion requirement, Defendant's motion would still be denied on the merits for the reasons that follow.

### B. Extraordinary and Compelling Reasons for Release

Defendant bears "the burden of showing that 'extraordinary and compelling reasons' to reduce his sentence exist." United States v. Gotti, No. 02-CR-743-07, 2020 WL 497987, at *5 (S.D.N.Y. Jan. 15, 2020). In his pending motion, Defendant argues that his medical conditions— (i) a spinal cord surgery on December 4, 2020; (ii) a shoulder surgery on December 15, 2020; (iii) hypertension; (iv) high cholesterol; (v) elevated triglycerides; and (vi) anxiety—warrant compassionate release. Defendant also alleges that at the time he filed the instant motion, the staff at Fort Dix had yet to complete a medical evaluation of him and that due to his recent back surgery, he requires a "special bed" and physical therapy, neither of which have been made available to him by medical staff at FCI Fort Dix. (ECF No. 40.) The Court notes it is not clear whether these issues persist in his current location, USP Lewisburg.

The government argues that Defendant's medical conditions do not present an extraordinary and compelling reason for his release because his conditions are not of the significant nature contemplated by the Sentencing Commission or courts in this district. (ECF No. 41 at 5-6.)

"Courts grant sentence modifications or reductions based on defendants' medical conditions where those conditions are extremely serious, if not life-threatening." United States v. Gileno, 448 F.Supp.3d 183, 187 (D. Conn. 2020). Courts have denied compassionate release motions to Defendants with similar conditions. See e.g., United States v. Gibson, No. 17-CR-06571, 2020 WL 7343802, at *5 (E.D.N.Y. Dec. 14, 2020) (denying compassionate release where defendant suffered from hypertension among other conditions); United States v. Gonzalez, No. 00-

5

CR-54, 2021 WL 2433817, at *3 (S.D.N.Y. June 15, 2021) (denying compassionate release where defendant suffered from high cholesterol among other conditions); United States v. Guerra, No. 10-CR-147, 2020 WL 6700084, at *1 (E.D.N.Y. Nov. 13, 2020) (denying compassionate release where defendant suffered from "chronic back pain, frequent migraine headaches, and limited use of his hands and extremities as a result of "chronic spinal [cord e]ncepholomalacia" and noting that "being denied physical therapy does not create an extraordinary or compelling basis to reduce his sentence pursuant to compassionate release in this case.").

While the Court is sympathetic to Defendant's medical conditions, they do not entitle him to compassionate release.

### C. Consideration of Section 3553(a) Factors

The application of the relevant Section 3553(a) sentencing factors also does not support compassionate release.[2] Compassionate release would create an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct. A reduction of the Court's original sentence would also fail to reflect the seriousness of the offense Defendant committed and would not provide a just punishment for his conduct. It would also

---

[2] These factors are:
  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
  (2) the need for the sentence imposed—
     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
     (B) to afford adequate deterrence to criminal conduct;
     (C) to protect the public from further crimes of the defendant; and
     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) [the kinds of sentences and sentencing range provided for in the USSG]
  (5) any pertinent [Sentencing Commission policy statement]
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

undermine the Court's attempt to use the sentence to promote respect for the law and serve as a deterrent for criminal conduct. Accordingly, the Section 3553(a) factors weigh against granting Defendant's motion.

Finally, to the extent Defendant argues that the Court can grant him home confinement for the remainder of his sentence, the Court lacks the power to do so. "Although the Second Circuit 'has not determined whether a district court has the power to order a defendant to serve his term of imprisonment in home confinement[,] [o]ther Circuits . . . have held that this power rests solely with the Bureau of Prisons.'" United States v. Spaulding, No. 16-CR-851, 2021 WL 4691140, at *2 (S.D.N.Y. Oct. 6, 2021) (quoting United States v. DiBiase, 857 F. App'x 688, 689–90 (2d Cir. 2021)). This Court will therefore follow the approach of many other district courts in this circuit and will defer to the Bureau of Prisons' determination on this issue. Id. (collecting cases).

### IV. CONCLUSION

For the reasons set forth above, Defendant's motion is **DENIED**. This application is denied without prejudice to its renewal should Defendant's conditions at his new facility materially worsen.

**SO ORDERED.**

Dated: November 9, 2021
      Central Islip, New York

                                              /s/ (JMA)
                                             JOAN M. AZRACK
                                             UNITED STATES DISTRICT JUDGE